1

2

3

4

5

6

7               UNITED STATES BANKRUPTCY COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9   In re

10  HERMAN and MARY JO BLUESTEIN,                          No. 05-11561

11                          Debtor(s).
    _____/

12
                    Memorandum on Motion for Summary Judgment
13                          _____

14          Ordinarily, when a stock option is exercised an employee realizes taxable income on the

15  difference between the fair market value of the stock and the exercise price the employee pays.

16  However, where there is a legal restriction on the employee's ability to sell the stock and the restriction

17  serves a significant business purpose then there is no taxable income until the restriction is lifted.

18  *Robinson v. C.I.R.*, 805 F.2d 38, 41 (1st Cir. 1986).

19          In this case, the debtors do not allege a specific legal restriction on their sale of stock after

20  November 5, 1999.[1] However, they argue that as a practical matter they were never able to sell their

21  stock because of Herman Bluestein's status as an insider and strong company policy against insider

22  trading.  They state that the company had a stringent "preclearance" process and only allowed trading

23  during a narrow trading window each quarter.  Further, they allege that there were "at least four

24  insurmountable hurdles" to his sale of stock "that would have involved several parties violating

25  _____

26          [1]The employer's IPO was May 5, 1999.  Bluestein was required to sign a "lock-out" agreement
    precluding him from any stock transactions for six months thereafter.  He exercised 180,000 stock
    options on September 16, 1999.

1    agreements."

2          Where the employee is an insider, there is no taxable event until the first time there was an open

3    trading window, regardless of whether or not the employee took advantage of it; once the failure to sell

4    the stock is the result of an investment decision and not a legal impediment, the event is taxable. *U.S. v*

5    *Tuff*, 359 F.Supp.2d 1129, 1137 (W.D. Wash. 2005). The IRS does not consider potential liability for

6    insider trading, by itself, as a legal impediment. IRS Rev. Rul. 2005-48.

7          Each case involving a dispute when income is realized on the exercise of a stock option must be

8    individually considered according to its facts and circumstances. *Miller v. U.S.*, 345 F.Supp.1046, 1049

9    (N.D.Cal. 2004). In this case, Bluestein has submitted a declaration that there were "at least four

10   insurmountable hurdles" to his sale of stock "that would have involved several parties violating

11   agreements." While the court is skeptical of this allegation, it is enough to create a triable issue of fact.

12   Accordingly, the court cannot grant claimant's motion for summary judgment.

13         It does appear that there is no triable issue that the 2001 and 2003 tax year claims are priority

14   claims. The court will defer any decision as to subordination of any portion of any claim until

15   confirmation of a plan of reorganization is before the court or the case has been converted to Chapter 7.

16         For the above reasons, claimant's motion for summary judgment will be denied. However, it

17   will be deemed without substantial controversy in further proceedings that the 2001 and 2003 tax year

18   claims are priority claims. Counsel for claimant shall submit an appropriate form of order which

19   counsel for the debtors has approved as to form.

20

21   Dated: September 5, 2006

22

23
     Alan Jaroslovsky
24   U.S. Bankruptcy Judge

25

26

2